IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRANDON STANFIELD,

    Plaintiff,

v.                                     Civil Action No.: JKB-24-3418

LT. THORTON,
MAJOR WHITFIELD,
NURSE ELAINE,
SGT./CORPORAL AIDIDEJH,
STATE OF MARYLAND,
DEPARTMENT OF CORRECTIONS,
NURSE LINDA,
WARDEN JONES,
ASST. WARDEN KIMBERLY STEWART,

    Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Brandon Stanfield filed an Amended Complaint naming as Defendants: Lt. Thorton, Maj. Winfield, Sgt. Aididejh, the State of Maryland, the Department of Corrections, Nurse Elaine, Nurse Linda, Warden Jones, and Assistant Warden Kimberly Stewart. (ECF No. 5.) Stanfield will be given an opportunity to provide additional information to the Court, based on the information stated herein, to demonstrate why his Amended Complaint should not be dismissed for failure to state a claim.

In his Amended Complaint, he alleges that, on September 20, 2023, Sgt. Aididejh sexually assaulted him when he did pat-down search on him. (ECF No. 5 at 8.) He alleges that Sgt. Aididejh "pulled [Stanfield's] pants up and grabbed [his] private parts and rubber [his] inner thigh." (*Id.*) He claims that the incident was recorded on security cameras and he immediately reported the incident to Sgt. Ababio and requested to speak to a lieutenant, but Sgt. Ababio told him to proceed

to "chow." (*Id.*) Although he was told a lieutenant would come to talk to him about the incident, that never occurred. (*Id.* at 9.)

After Stanfield unsuccessfully tried to call the Prison Rape Elimination Act ("PREA") hotline, he alleges that he reported the incident to Nurse Elaine but she never wrote a report. (ECF No. 5 at 9.) Rather, she told Lt. Thorton, and together they made Stanfield take a urinalysis test and would not accept an administrative remedy complaint ("ARP") regarding a PREA incident. (*Id.*) Maj. Winfield agreed that Stanfield could not file an ARP for a PREA incident. (*Id.*)

On September 26, 2023, Stanfield told Nurse Linda about the incident with Sgt. Aididejh, and she told Stanfield that Nurse Elaine had already scheduled an appointment for Stanfield to see Dr. Moultrie. (ECF No. 5 at 10.) Stanfield claims that Dr. Moultrie told him that "they are trying to cover [the incident] up." (*Id.*) When Stanfield asked for medical records, he was told there was no PREA report in his records. (*Id.*) He seeks five million dollars in damages for emotional distress. (*Id.* at 12.)

28 U.S.C. §§ 1915(e)(2)(B) and 1915A require this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 590 U.S. ___, 140 S.Ct. 1721 (2020). Stanfield will be given an opportunity to provide additional information to the Court, based on the information stated herein, to demonstrate why his Amended Complaint should not be dismissed for failure to state a claim.

Pursuant to 42 U.S.C. § 1983, a plaintiff may file suit against any person who, acting under color of state law, deprives her "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See, e.g., Filarsky v. Delia,* 566 U.S. 377, 383 (2012). However, §

1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

The Court must first dismiss the claims against certain of the Defendants at the outset. The Department of Correction and the State of Maryland must be dismissed, as "§ 1983 claims are *never* cognizable against states, state agencies, or state agents acting in their official capacities, regardless whether the defendant state has waived Eleventh Amendment immunity." *Dyer v. Md. State Bd. of Educ.*, 187 F. Supp. 3d 599, 611 n.16 (D. Md. 2016), *aff'd*, 685 F. App'x 261 (4th Cir. 2017) (emphasis in original). Further, vicarious liability is inapplicable to a § 1983 claim, and there must be a showing of personal fault based upon a defendant's personal conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (vicarious liability inapplicable in § 1983 suits); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (personal conduct required in a § 1983 suit). Here, Stanfield lists Warden Jones and Assistant Warden Stewart in the caption of the Amended Complaint but does not include any allegations of wrongdoing on their part. The Amended Complaint must be dismissed as to these two Defendants.

While a claim that a correctional officer assaulted him is a cognizable claim, Stanfield is reminded that a violation of the PREA (34 U.S.C. § 30301, *et seq.*) does not create a private cause of action. "[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002). Here, Congress intended with the enactment of the PREA "[t]o provide for the analysis of the incidence and effects of prison rape in Federal, State, and local institutions and to provide information, resources, recommendations, and funding to protect individuals from prison rape." PREA, Pub. L. No. 108-

79, 117 Stat. 972 (2003). Nothing in PREA suggests that Congress intended to create a private right of action for prisoners to sue for non-compliance. *See Williams v. Dovey*, No. DKC-15-1891, 2016 WL 810707, at *7 (D. Md. Mar. 2, 2016) (citing cases). Thus, any assertion that one or more of the named Defendants did not comply with the requirement of PREA's reporting mandates does not confer a private cause of action on Stanfield.

Notwithstanding the absence of an independent cause of action under PREA, permitting the gratuitous sexual assault of inmates is not an acceptable practice under the Eighth Amendment's prohibition of cruel and unusual punishment. To establish an Eighth Amendment claim, there must be evidence that the prison official subjectively "acted with a sufficiently culpable state of mind" and that the injury or deprivation inflicted was objectively serious enough to constitute a violation. *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "[T]here can be no doubt that severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to constitute an Eighth Amendment violation." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2nd Cir. 1997) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Sexual abuse of an inmate by a prison official has no legitimate law enforcement or penological purpose and those actions alone may meet the subjective element of an Eighth Amendment claim. *See id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992)). However, when the claim alleges incidents that are not "severe enough to be 'objectively, sufficiently serious'" and "the incidents [are not] cumulatively egregious in the harm they inflicted" no Eighth Amendment claim is stated. *Boddie*, 105 F.3d at 861 (citing *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994)). One isolated incident, such as what is described by Stanfield in his Amended Complaint, will not be sufficient to support an Eighth Amendment claim. *See, e.g. Jackson v. Holley*, 666 F. App'x 242, 244 (4th Cir. 2016) (finding no Eighth Amendment violation where Plaintiff "alleges only that Defendant: (1) sent him

one sexually explicit and lurid letter; (2) posed up seductively before [Plaintiff] and whispered sexually explicit words to [him]; and (3) plant[ed] her groin area in [Jackson's] face while [he] was seated for [his] haircut in the barber's chair." (internal quotation marks omitted).)

Stanfield will be granted a brief period of time to show cause why the claims against the remaining Defendants should not be dismissed.

Accordingly, it is ORDERED that:

1. The Amended Complaint IS DISMISSED as to the Department of Corrections, the State of Maryland, Warden Jones, and Assistant Warden Kimberly Stewart;

2. Stanfield IS GRANTED 28 DAYS to SHOW CAUSE why the Amended Complaint should not be dismissed in light of the information stated herein;

3. Stanfield IS FOREWARNED that failure to file a response to this Order will result in dismissal of the Amended Complaint without further notice and without prejudice; and

4. The Clerk SHALL PROVIDE a copy of this Order to Stanfield.

Dated this __6__ day of February, 2025.

                                       FOR THE COURT:

                                       _/s/ James K. Bredar_
                                       James K. Bredar
                                       United States District Judge